IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | | |
|---|---|---|
| CODY S. BRADLEY | § | CIVIL ACTION NO. _____ |
| | § | |
| VS. | § | |
| | § | |
| CAL DIVE INTERNATIONAL, INC. | § | JURY TRIAL DEMANDED |

## PLAINTIFF'S ORIGINAL COMPLAINT

TO THE HONORABLE UNITED STATES DISTRICT JUDGE:

COMES NOW Plaintiff Cody S. Bradley ("Plaintiff" and/or "Bradley"), complaining of

Defendant Cal Dive International, Inc. ("Cal Dive" and/or "Defendant"), and, for cause of action,

would respectfully show unto this Honorable Court the following:

## I. PARTIES

1.      Plaintiff Cody S. Bradley, is a U.S. citizen and resident of the state of Louisiana.

2.      Defendant Cal Dive International, Inc., is a Delaware corporation with its principal

place of business in Houston, Harris County, Southern District of Texas, doing business in this

District and Division for the purpose of accumulating monetary profit, and may be served with

process through its registered agent, CT Corporation System, 1999 Bryan Street, Suite 900,

Dallas, Texas  75201-3136.

## II. JURISDICTION

3.      The Court has jurisdiction over the lawsuit under 28 U.S.C. §1333 because the suit

involves admiralty and maritime jurisdiction.  This case is brought pursuant 28 U.S.C. § 1333, the

general maritime law, and the Jones Act now codified at 46 U.S.C. § 30104.

### III.  VENUE

4.      Venue is proper in this matter pursuant to the admiralty and maritime laws of the United States, Rule 82 Fed. R. Civ. P.

### IV.  FACTS

5.      At all material times hereto, Defendant owned, operated and/or crewed the *Cal Diver II,* the diving vessel involved in the incident made the basis of this suit, a vessel operating in navigable waters of the Gulf of Mexico.

6.      At all material times hereto, Plaintiff was employed by Defendant as a tender and member of the crew of the *Cal Diver II.*

7.      On or about June 22, 2013, while Plaintiff was performing his duties in the service of the vessel, he was injured while working with the vessel's equipment.  Plaintiff injured his left hand, necessitating surgery, among other injuries, when removing a flange.  The injuries suffered by Plaintiff were caused by the negligence and/or gross negligence of Defendant, and unseaworthiness of the vessel, in the following particulars, among others:

> (a)     failing to maintain the vessel and her appurtenances and/or equipment in a safe and reasonable state of repair;
>
> (b)     failing to take reasonable precautions for Plaintiff's safety;
>
> (c)     failing to provide employees with a reasonably safe place to work;
>
> (d)     failing to warn Plaintiff of known and/or existing hazards;
>
> (e)     failing to provide proper equipment to Plaintiff;
>
> (f)     failing to conduct a proper job safety analysis before the task undertaken by Plaintiff;

(g)     failing to provide a safer means for the work being done / heavy loads; and

(h)     other acts of negligence and/or omissions to be shown at trial herein.

## V.  COUNT 1 - JONES ACT

8.     Plaintiff's injuries were suffered in the course of his employment and were caused by the negligence and/or gross negligence of Defendant, its officers, agents, or employees, as described herein.

## VI.  COUNT 2 - UNSEAWORTHINESS

9.     Plaintiff's injuries were caused by Defendant's breach of its absolute duty to furnish a seaworthy vessel.

## VII.  COUNT 3 - MAINTENANCE AND CURE

10.     Plaintiff would show that on the above mentioned date, he was injured while in the service of the vessel.  As a result, Defendant had, and continues to have, a non-delegable duty to provide Plaintiff with the benefits of maintenance and cure.  Plaintiff would show that he has not reached maximum medical improvement and that Defendant's duties therefore continue. Defendant has breached its absolute duty by denying payment of maintenance and cure and/or has unreasonably delayed said payment.  As a result of Defendant's failure to pay and/or delay in paying the benefits of maintenance and cure, Plaintiff has suffered further injuries and damages, for which he now sues. Plaintiff would further show that Defendant's failure to provide the benefits of maintenance and cure was not only unreasonable, but was arbitrary and capricious, or wilful, callous and persistent, and that, as a result thereof, Plaintiff is entitled to an award of damages for aggravation of his condition caused by Defendant's failure, as well as attorneys' fees, and punitive damages, for which he now sues, in addition to all other relief sought.

## VIII.  DAMAGES

11.     As a direct and proximate result of Defendant's conduct, Plaintiff suffered the following injuries and damages, including, but not limited to: (a) mental anguish in the past and future; (b) lost earnings; (c) loss of earning capacity; (d) disfigurement in the past and future; (e) physical impairment in the past and future; (f) medical expenses in the past and future; (g) physical pain and suffering.

## IX.  JURY DEMAND

12.     Plaintiff demands a trial by jury herein.

WHEREFORE, PREMISES CONSIDERED, Plaintiff prays for judgment against Defendant for:  actual damages in an amount exceeding the jurisdictional limits of this Court; prejudgment and postjudgment interest; punitive damages and attorney's fees; costs of suit; and all other relief to which he may be entitled.

Respectfully submitted,

*/s/ Francis I. Spagnoletti*
Francis I. Spagnoletti
SBN 18869600 / SDTX ID 5369
401 Louisiana Street, 8th Floor
Houston, Texas 77002
Telephone:     713-653-5600
Facsimile:     713-653-5656
Email:          fspagnoletti@spaglaw.com

4

**OF COUNSEL**:

SPAGNOLETTI & CO.
Marc Evan Kutner
SBN 11770575 / SDTX 6238
401 Louisiana Street, 8th Floor
Houston, Texas 77002
Telephone:      713-653-5600
Facsimile:      713-653-5656
Email:          mkutner@spaglaw.com

ATTORNEYS FOR PLAINTIFF